IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COREY L. FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-01049-MJR |
| | ) | |
| O'GARA & GOMRIC PC, | ) | |
| JOHN J. O'GARA, JR., and | ) | |
| JAMES A. GOMRIC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, an inmate at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary relief from the defendants, who were Plaintiff's court-appointed counsel in his underlying criminal case. (Doc. 1, pp. 1-2, 10). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, the factual allegations of a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The Complaint focuses on the actions of Plaintiff's appointed counsel for his underlying criminal case, in which Plaintiff entered a plea of guilty in December 2001.  (Doc. 1).  Plaintiff alleges that his appointed counsel, O'Gara and Gomric, committed legal malpractice, violated Plaintiff's constitutional rights, and violated the Illinois Rules of Professional Conduct in their representation of Plaintiff.  (Doc. 1, pp. 8-9).  They allegedly coerced him to plead guilty, though they were "in possession of numerous pieces of exculpatory evidence."  (Doc. 1, p. 8).  They also failed to secure him a mental health evaluation, though one had been approved by the court, and they were aware of Plaintiff's severe mental impairment.  (Doc. 1, p. 7).

Plaintiff alleges that as a result of the deficiencies in the defendants' representation of him during his criminal proceedings in 2001, he unwillingly and involuntarily pled guilty and thereafter was falsely imprisoned, cruelly and unusually punished, and suffered deterioration to

his mental health. (Doc. 1, p. 7). Plaintiff admits in his Complaint that the defendants are not state employees. (Doc. 1, p. 5).

Based on the allegations of the Complaint, the Court finds it convenient to consider Plaintiff's *pro se* action as a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

> **COUNT 1** – Defendants committed legal malpractice, violated Plaintiff's constitutional rights, and committed violations of the Illinois Code of Professional Conduct in their inadequate representation of Plaintiff as his criminal counsel in 2001, and thereafter until 2005, rendering them liable to Plaintiff under 42 U.S.C. § 1983.

**Discussion**

After carefully considering the allegations in the Complaint, the Court finds that the Complaint fails to state any claim upon which relief can be granted under § 1983. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). It is well-settled that a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852–53 (7th Cir. 2003). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under § 1983 for legal malpractice because such an attorney does not act "under color of state law." *Id.* at 324-25; *see also McDonald v. White*, 465 F. App'x 544, 549 (7th Cir. 2012); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Plaintiff's claims are solely against his legal representation in

3

his criminal proceedings well over a decade ago.  Though these attorneys and their law firm may have been appointed by the State, they were not state actors per the Supreme Court's reasoning in *Polk County*, and Plaintiff may not maintain a § 1983 action against them.

Plaintiff's claims also fail because they rest on allegations that the defendants committed legal malpractice and violated the Illinois Code of Professional Conduct by failing to provide Plaintiff with competent and diligent legal representation.  (Doc. 1, p. 7).  Even if defendants committed these violations, the matter does not implicate the Constitution. These allegations therefore do not give rise to a viable § 1983 claim.  Violations of state law, including those imposing rules on the parameters of legal representation, are not, in and of themselves, actionable as constitutional violations.  *See, e.g., Hutcherson v. Smith*, 908 F.2d 243, 246 (7th Cir. 1990) ("a state law tort claim of attorney malpractice masquerading as a constitutional tort" fails to state a claim upon which relief could be granted); *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (explaining that Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Archie v. City of Racine,* 847 F.2d 1211, 1216–17 (7th Cir. 1988) (a violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the Constitution or federal law); *Dawaji v. Kohlhoss*, No. 13-c-6404, 2014 WL 4913741, at *7 (N.D. Ill. Sept. 30, 2014) , *aff'd sub nom. Dawaji v. Askar*, 618 F. App'x 858 (7th Cir. 2015) (because Illinois Rule of Professional Conduct is not "'a right secured by the Constitution and laws of the United States,' its alleged violation cannot predicate a § 1983 claim").

Because Plaintiff's primary claim is for legal malpractice, this Complaint belongs in state court.  While this Court expresses no opinion on the merits of this or any other claim asserted by Plaintiff, the Complaint and action shall be dismissed with prejudice for failure to state a § 1983

claim upon which relief can be granted.  This dismissal will not act to bar Plaintiff from pursuing possible relief in state court should he wish to do so.

**Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** with prejudice.  There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff indicates that he has been unable to recruit counsel on his own.  (Doc. 4, p. 4). He claims that he needs an attorney to represent him because he has limited access to legal materials and writing utensils, he suffers from mental illness, the defendants in this case are

attorneys, and the legal issues in this case are complex.  *Id.*  Plaintiff cites no other impediments, such as any communication barriers with respect to language and writing.

The Court finds that, at this stage, recruitment of counsel is not warranted.  The Complaint is coherent and well-drafted.  Further, considering the standard on appeal will be whether Plaintiff was prejudiced by this Court's denial of his Motion, this Court is confident that such a denial will survive any challenge.  *See Green v. Beth*, No. 16-1714, 2016 WL 5323263, at *3 (7th Cir. Sept. 22, 2016).  Given the well-articulated facts alleged, the dismissal of the case would be inevitable with or without counsel.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **O'GARA & GOMRIC PC**, **O'GARA**, and **GOMRIC** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under § 1983.  This dismissal will not act to bar Plaintiff from bringing these claims against the defendants in state court should he wish to do so.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another

"strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 21, 2016**

s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**